UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

Nº 08-CV-3474 (JFB), 07-CR-0420 (JFB)

---

IJAZ BUTT,

Petitioner,

VERSUS

UNITED STATES,

Respondent.

---

**MEMORANDUM AND ORDER**
January 6, 2009

---

JOSEPH F. BIANCO, District Judge:

*Pro se* petitioner Ijaz Butt (hereinafter, "Butt" or "petitioner") has filed a motion in this Court, pursuant to 28 U.S.C. § 2255 and 18 U.S.C. §§ 3553(b) and 3582(b) and (c), to vacate, set aside, or correct his sentence on the grounds that, as an alien, he is being punished for his crime more harshly than an American citizen because he is not eligible for certain benefits or programs within the Bureau of Prisons including, among other things, the following: (1) he is not eligible for a drug abuse program; (2) he is not eligible for the last ten percent of his sentence to be served at a halfway house; (3) he is not eligible for early release or home confinement; and (4) if he does not have a G.E.D. and if he refuses to go to school in prison, he will lose good time credit.

For the reasons set forth below, Butt's motion is denied in its entirety.

I. BACKGROUND

On May 17, 2007, Butt was charged in a two-count Indictment, along with two co-defendants, with the following: (1) conspiring to use fraudulently obtained credit cards, in violation of Title 15, United States Code, Section 1644(a)(1) ("Count One"); and (2) using one or more access devices with the intent to defraud, in violation of Title 18, United States Code, Section 1029(a)(2) ("Count Two").

On October 31, 2007, petitioner pled guilty, pursuant to a cooperation agreement with the government, to Count Two of the Indictment.

On November 28, 2007, the United States Probation Department issued its Presentence Investigation Report ("PSR"). Under the United States Sentencing Guidelines ("U.S.S.G."), the total offense level was calculated to be 23, with a Criminal History Category I, which yielded an advisory Guidelines range of 46-57 months.[1] The factual information in the PSR, which was adopted by the Court without objection, indicated that Butt "is not legally in the United States and is currently under removal proceedings." (PSR ¶37.) In addition, the government filed a letter, pursuant to U.S.S.G. Section 5K1.1, setting forth petitioner's substantial assistance to the government.

In proceedings conducted on February 15 and 21, 2008, after considering in its discretion all of the factors set forth in Section 3553(a) of Title 18, United States Code, in light of *United States v. Booker*, 543 U.S. 220 (2005), the Court sentenced petitioner to a term of imprisonment of 24 months and restitution in the amount of $1,028,754.60. The Court also imposed a term of supervised release of three years and a $100 mandatory special assessment. Petitioner did not file an appeal.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a prisoner sentenced in federal court may "move the court which imposed the sentence to vacate, set aside, or correct the sentence" when the petitioner claims "the right to be released upon the ground that the sentence was imposed in violation of the Constitution and laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by the law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The Supreme Court has consistently held that "an error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962); *accord Graziano v. United States*, 83 F.3d 587, 589-90 (2d Cir. 1996). As the Second Circuit has explained, "[t]he reasons for narrowly limiting the relief permitted under § 2255 – a respect for the finality of criminal sentences, the efficient allocation of judicial resources, and an aversion to retrying issues years after the underlying events took place – are 'well known and basic to our adversary system of justice.'" *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995) (quoting *Addonizio,* 442 U.S. at 184 & n.11).

## III. DISCUSSION

Petitioner urges the Court to "find that an error of constitutional magnitude has [occurred] by applying the sentencing guidelines to sentence the alien Movant." (Motion, at 4.) Petitioner further argues "that the Court by applying the guidelines imposed on the alien Movant's sentence that will be served beyond the statutory limits of the sentence imposed on American Citizens with the same crimes and background." (Motion, at 4.) Specifically, petitioner contends that, as a deportable alien, he is being punished for his crime more harshly than an American citizen because he is not eligible for certain benefits or programs within the Bureau of Prisons including, among other things, the following: (1) he is not eligible for a drug abuse program; (2) he is not eligible for the last ten percent of his sentence to be served at a halfway house; (3) he is not eligible for early release or home confinement; and (4) if he does not have a

---

[1] That advisory Sentencing Guidelines range, as calculated in the PSR, was adopted by the Court at sentencing.

G.E.D. and if he refuses to go to school in prison, he will lose good time credit.[2] (Motion, at 2.) Finally, in his motion, petitioner notes that departures from the advisory Sentencing Guidelines are permitted if "the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b)(1). Thus, petitioner suggests that the Court should have departed from the Advisory Guidelines range because the Sentencing Commission had not adequate considered these collateral harsh consequences in the Bureau of Prisons for deportable aliens.

As set forth below, Butt has failed to demonstrate any Constitutional or jurisdictional infirmity whatsoever in connection with his sentencing. The sentence imposed, which reflected a downward departure from the advisory Sentencing Guidelines range because of petitioner's cooperation with the government, was within the statutory limits. Moreover, to the extent that petitioner argues that the Court should lower his sentence because petitioner (and purportedly the Court) was unaware at the time of sentencing that he would be ineligible for certain benefits and programs within the Bureau of Prisons because he is a deportable alien, the Court finds that none of these contentions provide a basis for relief under Section 2255 and, in any event, would not have altered the Court's sentence of petitioner even if they had been specifically raised at the time of sentencing.[3]

---

[2] In its opposition to petitioner's motion, the government argues that Butt simply complains of certain decisions by the Bureau of Prisons and does not seek to change any aspect of his sentence. (Government's Letter in Opposition, dated December 16, 2008, at 1.) However, the Court disagrees with that interpretation of petitioner's motion and, instead, construes his petition as one that seeks to have his sentence reduced based upon these collateral consequences to which he has been subject in the Bureau of Prisons as a result of his status as a deportable alien. In its opposition, the government also contends that petitioner's complaints are "hypotheticals" because the purported collateral consequences are either inapplicable or moot because (1) as noted in the PSR, Butt has denied any history of drug abuse and thus, would have no reason to need a drug treatment program in jail, (2) as noted in the PSR, Butt obtained a high school diploma in Pakistan in 1990 and, thus, any issues in prison regarding a high school diploma would not apply to him, and (3) because there is an immigration hold on him based upon his status as a deportable alien, he is ineligible for a non-jail period of custody. (Government's Letter in Opposition, dated December 16, 2008, at 3.) However, for purposes of this motion, the Court has assumed that Butt will suffer these collateral consequences in jail as a result of his status as a deportable alien and, in any event, rejects his motion on the merits for the reasons discussed *infra*.

[3] As a threshold matter, to the extent that petitioner is now making a challenge to his advisory Guidelines range because of these collateral consequences in the Bureau of Prisons based upon his status as a deportable alien, those claims are procedurally barred because petitioner did not file a direct appeal and these alleged challenges to the advisory Sentencing Guidelines do not constitute a complete miscarriage of justice. *See Graziano*, 83 F.3d at 590 ("Insofar as claims regarding a sentencing court's error in failing to properly apply the Sentencing Guidelines are neither constitutional nor jurisdictional, we join several other circuits in holding that, absent a complete miscarriage of justice, such claims will not be considered on a § 2255 motion where the defendant failed to raise them on direct appeal.") (citations omitted). In any event, this Court has addressed the substance of petitioner's claims and finds them to be without merit for the reasons set forth below.

First, petitioner's challenges to his sentence – based upon certain collateral consequences he faced in the Bureau of Prisons because of his status as a deportable alien – do not provide a basis for relief under Section 2255 because those contentions are sentencing issues that do not rise to the level of a Constitutional error, jurisdictional error, or an error of law or fact representing a fundamental defect that rises to the level of a "complete miscarriage of justice."[4] *See Graziano*, 83 F.3d at 590; *see also Hernandez v. United States*, 280 F. Supp. 2d 118, 125 (S.D.N.Y. 2003) ("Like his argument with respect to credit for time spent in state custody, the issue of any credit to be afforded because of the petitioner's status as a deportable alien is not a basis for relief under § 2255 because it is a sentencing issue that does not rise to a miscarriage of justice or a constitutional violation.") (citing *Graziano*, 83 F.3d at 590); *accord Rojas v. United States,* Nos. 08-CV-0075A, 03-CR-0034A, 2008 WL 495502, at *1 (W.D.N.Y. Feb. 20, 2008) (no basis to reduce sentence under Section 2255 or any other provision based upon "claims that as an alien subject to deportation upon release, [petitioner] will be required to serve his sentence under harsher conditions than a United States citizens [sic] because he is ineligible for rewards offered for participation in the Residential Drug Program and because he cannot receive a timely half-way house release"). However, even if these contentions were cognizable under Section 2255, the Court would reject them on the merits for the reasons discussed below.

Second, to the extent that petitioner argues that these collateral consequences should have provided an additional, independent basis for a downward departure from the advisory Guidelines range (apart from his cooperation), the Court finds that contention to be without merit. This Court recognizes that the Second Circuit has "decline[d] to rule that pertinent collateral consequences of a defendant's alienage could not serve as a valid basis for departure if those consequences were extraordinary in nature or degree." *United States v. Restrepo*, 999 F.2d 640, 644 (2d Cir. 1993). However, this Court does not find any of the collateral consequences in the Bureau of Prisons raised by petitioner in the instant case to be extraordinary in nature or degree. In fact, one of the grounds raised by petitioner - namely, the unavailability of preferred conditions of confinement, including his inability to serve the last ten percent of his term of imprisonment in a halfway house – was explicitly addressed by the Second Circuit in *Restrepo* and found not to be an appropriate basis for a downward departure:

> Even if it were a steadfast policy of the Bureau [of Prisons] to deny reassignment to relaxed-security facilities to alien prisoners who must be deported on account of their convictions, we would consider that policy an inappropriate basis for departure from the imprisonment range prescribed by the Guidelines. . . .
>
> Considering the discretion that Congress has confided to the

---

[4] Petitioner also makes his motion under Title 18, United States Code, Section 3582, which provides that a court may not modify a term of imprisonment once it has been imposed except under certain narrow, enumerated circumstances, none of which are applicable here. *See* 18 U.S.C. § 3582(c); *see also, e.g., Rojas v. United States,* Nos. 08-CV-0075A, 03-CR-0034A, 2008 WL 495502, at *1 n.3. (W.D.N.Y. Feb. 20, 2008) (claims regarding collateral consequences in jail to alien subject to deportation not cognizable under Section 3582(c)). Thus, petitioner's claims are not cognizable under Section 3582 and, in any event, are without merit for the reasons discussed herein.

Bureau and the reasonableness of the Bureau's consideration of the fact that the prisoner will be deported following the completion of his term of imprisonment, we think the court's disapproval of the Bureau's exercise of its discretion to deny that prisoner reassignment to a minimum-security facility is likewise an inappropriate basis for departure.

In any event, if there is a defect in the Bureau's policy toward reassignment of deportable aliens, the appropriate way to remedy that defect would be pursuit of an action that challenges such a policy head-on, not the ad hoc granting of departures that have the effect of creating the very type of disparity in sentencing that the adoption of the Guidelines was intended to eliminate.

999 F.2d at 645-46; *see also Hernandez*, 280 F. Supp. 2d at 125 ("The only consequence submitted by the petitioner is his likely ineligibility for reassignment to minimum security facilities at the conclusion of his term of imprisonment. However, disapproval of the Bureau of Prisons' policy toward denying reassignment of deportable aliens to minimum-security facilities is 'an inappropriate basis for departure.'") (quoting *Restrepo*, 999 F.2d at 645-46); *accord Rodriguez-Quezada v. United States,* Nos. 06 Cr. 188 (SHS), 08 Civ. 5290 (SHS), 2008 WL 4302518, at *3 (S.D.N.Y. Sept. 15, 2008) ("The third alleged constitutional inadequacy was counsel's failure to argue that, due to alleged program restrictions placed on aliens by the Bureau of Prisons, petitioner's status as a deportable alien would cause his sentence to be more severe than that of a United States citizen . . . . Even if counsel had made exactly the argument petitioner raises now, conditions of confinement imposed on aliens do not provide grounds for a downward departure from the Guidelines.") (citations omitted). In short, this Court does not find the unavailability of preferred conditions of confinement to petitioner because of his status as a deportable alien, or any of the other collateral consequences raised by petitioner, individually or collectively, to be so extraordinary or severe in nature or degree to provide an independent basis for a downward departure from the advisory Guidelines Range.

Finally, this Court recognizes that, even if these collateral consequences may not provide an independent basis for a downward departure from the Sentencing Guidelines, the Court may, in its discretion, still consider such circumstances and policy considerations under the Section 3553(a) factors, pursuant to *Gall v. United States*, 128 S. Ct. 586 (2007) and *Kimbrough v. United States*, 128 S. Ct. 558 (2007), in arriving at the appropriate sentence. As the Second Circuit recently explained:

> [W]e will continue to patrol the boundaries of reasonableness, while heeding the Supreme Court's renewed message that responsibility for sentencing is placed largely in the precincts of the district courts. In at least one respect, *Gall* and *Kimbrough* manifestly require us to give more latitude to sentencing judges than this Court did before. After the Supreme Court's decision in *Booker* but before its decisions in *Kimbrough* and *Gall*, we suggested that it was not

5

permissible for a district court to rest its decision on a policy judgment applicable to an entire category of offenses. That, we now know, is not the case. As the Supreme Court strongly suggested in *Kimbrough*, a district court may vary from the Guidelines range based solely on a policy disagreement with the Guidelines, even where that disagreement applies to a wide class of offenders or offenses.

*United States v. Cavera*, No. 05-CR-4591, 2008 WL 5102341, at *8 (2d Cir. Dec. 4, 2008) (citations omitted).

However, even if all of the arguments now being raised by petitioner in this motion (including the collateral consequences imposed on him because of his status as a deportable alien), were raised by petitioner and his counsel at the time of sentencing, the Court, in its discretion, would still impose the same sentence given all of the circumstances of this case. In particular (as noted at sentencing), although petitioner cooperated with the government and the Court gave considerable weight to his substantial assistance to the government in arriving at the appropriate sentence, after considering all of the Section 3553(a) factors under *Booker*, the Court concluded that, among other things, the extremely serious nature of the offense – involving over $1,000,000 in credit card fraud to ten victim creditors – and petitioner's managerial role in that offense, as well as the need to avoid unwarranted sentencing disparity among similarly situated defendants – warranted a sentence of 24 months' imprisonment (as well as the other aspects of the sentence, including the term of supervised release), rather than some lesser amount. Even if the Court were to consider the additional circumstances now being raised by petitioner, the Court would conclude that such circumstances (and the policy considerations surrounding them) are not sufficient, when considered in light of all of the other circumstances and Section 3553(a) factors, to warrant a sentence that was different from the one given by the Court.

## IV. CONCLUSION

For the foregoing reasons, Butt's motion is denied in its entirety. Because Butt has failed to make a substantial showing of a denial of a Constitutional right, no certificate of appealability shall issue. *See* 28 U.S.C. § 2253(c)(2).

The Clerk of the Court shall enter judgment accordingly and close this case.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: January 6, 2009
Central Islip, New York